UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JERRELL MILLER,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.
---------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-5492 (DLI)

IRIZARRY, United States District Judge:

      Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C § 1983, alleging that his rights were violated on December 23, 2003, when he was transported to Rikers Island for violating the conditions of his parole. Compl. ¶ IV. According to plaintiff, the "City of New York is legally held accountable in the deprivation of plaintiff's Federal Constitutional rights under the Eighth Amendment-Cruel and Unusual Punishment, when there was a[] clear established law or policy that allowed the plaintiff-parolee to be unlawfully/wrongfully detained at a Local Correctional Facility instead of confinement at a Detention Center for parole violators for temporary detention for one hundred and nin[e]teen days." Id. Plaintiff seeks $16,500 for each day spent in allegedly unlawful confinement. Id. ¶ V. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

## DISCUSSION

      Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding *pro*

*se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id.

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniel v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985)).

Plaintiff's complaint fails to establish that his constitutional rights were violated when he was placed in Rikers Island for violating the terms of his parole. Plaintiff alleges that he should have been sent to a detention center rather than a "Local Correctional Facility" like Rikers Island. Compl. ¶ IV. However, Rikers Island also functions as a detention facility for parole violators during the pendency of their parole revocation proceedings. Indeed, under New York State law, alleged parole violators taken into custody are "insofar as practicable, [to] be incarcerated in the county or city in which the arrest occurred." N.Y. Exec. L. § 259- i(3)(b). Therefore, plaintiff's claim against defendant is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Accordingly, the complaint filed *in forma pauperis* is dismissed. 28 U.S.C. § 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 30, 2005
Brooklyn, New York

/s/
Dora L. Irizarry
United States District Judge